705

**Ann McLAUGHLIN, Secretary of Labor, United States Department of Labor, Plaintiff,**

v.

**KEEFE EARTH BORING COMPANY, INC., Defendant.**

No. 88 C 4747.

United States District Court, N.D. Illinois, E.D.

Jan. 9, 1989.

George R. Salem, Sol. of Labor, John H. Secaras, Regional Sol. by Cyrus A. Alexander, Office of the Sol., U.S. Dept. of Labor, Chicago, Ill., for plaintiff.

Dennis J. Eslick, Pierce, Yavitz & Eslick, Ltd., Chicago, Ill., for defendant.

ORDER

BUA, District Judge.

Plaintiff Ann McLaughlin, the Secretary of Labor ("the Secretary"), filed this action pursuant to § 17(*l*) of the Occupational Safety and Health Act of 1970 ("OSHA"), 29 U.S.C. § 666(*l*), to recover unpaid fines levied by the Secretary against defendant Keefe Earth Boring Company, Inc. ("Keefe"). This order concerns the Secretary's motion for summary judgment.

The complaint alleges that on four separate occasions, the Secretary issued citations to Keefe for violations of OSHA. The first citation, issued on October 29, 1986, assessed a fine of $760. Two months later, Keefe and the Secretary negotiated a written settlement under which the Secretary agreed to reduce the penalty for the citation to $400. The Secretary alleges that to date, Keefe has not paid the $400. The other three citations were issued on October 14 and December 10 of 1987 and on January 6, 1988. The fines for these citations total $19,600. The Secretary claims that Keefe did not make timely objections to these citations and, as a result, Keefe has lost the right to contest them. Citing § 10(a) of OSHA, 29 U.S.C. § 659(a), the Secretary contends that because Keefe failed to contest each citation within 15 days of its issuance, the penalty assessed by each citation became a final order of the Occupational Safety and Health Review Commission ("the Commission"). Under § 10(a), these orders are "not subject to review by any court or agency." Therefore, the Secretary requests the court to enter summary judgment in the amount of $20,000.

The court finds that the Secretary is entitled to summary judgment in the amount of $400. This amount represents the agreed penalty for the first citation.

Keefe has not denied the validity of the agreement that the parties executed in settlement of the first citation, and this court sees no reason not to enforce the settlement.

With respect to the three other citations, however, the court finds the Secretary is not entitled to summary judgment. Summary judgment is not appropriate on these citations because Keefe has filed a motion with the Commission requesting relief from the Commission's final orders on the citations. Keefe's motion, made pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, asks the Commission to allow Keefe to file late objections to the citations. Under Rule 60(b), the Commission may allow Keefe to contest the citations if it finds Keefe's failure to file timely objections to the citations was the result of inadvertence, mistake, or excusable neglect. Consequently, a grant of summary judgment concerning the three later citations would be premature at this juncture. Keefe has a right to a ruling from the Commission on Keefe's Rule 60(b) motion before the court considers granting summary judgment. *See J.I. Hass Co., Inc. v. OSHRC*, 648 F.2d 190, 192–94 (3d Cir.1981) (holding that Rule 60(b) applies to Commission proceedings and § 10(a) of OSHA does not prevent Rule 60(b) from applying to the filing of late objections to OSHA citations). Keefe's Rule 60(b) motion, however, is applicable only to the later three citations. Keefe waived the opportunity to object to the first citation when it executed the settlement agreement. Therefore, the court grants the Secretary's motion for summary judgment with respect to the first citation in the amount of $400. The court denies the Secretary's motion with respect to the later three citations.